**FILED**
**Jan 28, 2025**
**02:07 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **JAMES DAVIDSON,** | ) | **Docket No. 2024-60-3877** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 74711-2022** |
| **GIBSON GUITAR,** | ) | |
| **Employer.** | ) | |
| | ) | **Judge Joshua D. Baker** |

---

## EXPEDITED HEARING ORDER

---

At a January 8 expedited hearing, Mr. Davidson requested medical and temporary disability benefits, penalties, and attorneys' fees. For the reasons below, the Court holds Mr. Davidson is likely to prevail on medical benefits and awards attorneys' fees for Gibson's failure to initiate medical benefits timely. Gibson is also referred to the Compliance Program for consideration of penalties. The Court holds Mr. Davidson's proof was insufficient to find he is likely to prevail on temporary disability benefits at this time.

### Claim History

Mr. Davidson injured his left shoulder while working for Gibson on September 29, 2022. He selected a walk-in clinic from a panel.

Initially the physician's assistant restricted him from using his left arm, and Gibson offered light-duty work. Mr. Davidson struggled using only one arm on light duty, so Gibson sent him home. After that, he kept human resources updated by dropping his work restrictions in an inbox or sometimes handing them directly to a human resources representative. Gibson did not offer him light duty again after that first failed attempt. However, a medical note from the walk-in clinic stated that Mr. Davidson had "chosen not to return to work."

Gibson's plant safety manager, Jeremy Hatcher, testified but did not offer any specific or detailed information about Mr. Davidson's claim, saying only that light-duty changes day to day and is available to most injured workers. However, he did not elaborate

on how injured workers are assigned light-duty work or supposed to know which work is available. Summarily, Mr. Hatcher implied that it was a worker's responsibility to show up at the plant and see if light-duty work that suited their restrictions were available. However, when and how often workers needed to come to the plant in search of light-duty work was not discussed.

While Mr. Davidson was out of work, he continued to treat at a walk-in clinic. One month after the accident after an MRI, the physician's assistant at the clinic recommended an orthopedist. During the last visit at the walk-in clinic, about two months after the work injury, the physician's assistant noted Mr. Davidson was still "[a]waiting orthopedic eval."

But Mr. Davidson did not receive a panel of orthopedists, and treatment stopped. He testified that after the orthopedic referral, the adjuster stopped communicating with him, asserting his injury was preexisting. Gibson did not produce a notice of denial.

Despite the adjuster's decision to deny the claim, Gibson continued to pay Mr. Davidson for an unspecified time after the accident, Mr. Davidson said he received inconsistent payments by direct deposit. He could not recall an exact amount or total or say what the payments were for, but he knew they were from Gibson and not the insurance carrier. He said the payments stopped sometime before he received a termination letter. Gibson did not produce any documents or provide any testimony about the purpose of these payments.

Almost two years after Mr. Davidson's injury and when he filed a petition for benefits, Gibson offered an orthopedist panel and authorized an evaluation with Dr. Brian Koch. At trial, the parties stipulated that Dr. Koch is an authorized treating physician.

On August 16, 2024, more than 22 months after Mr. Davidson's accident, Dr. Koch examined him and observed a labral tear on his 2022 MRI. About causation, Dr. Koch wrote, "I do believe that it is greater than 51% likely that his injury at work was the cause of his pain and labral tear . . . He states that he is not currently working so work restriction[s] at this point are irrelevant."

A month later, after comparing the 2022 MRI with updated imaging, Dr. Koch recommended a left-shoulder labral repair. He wrote of Mr. Davidson's condition, "He has continued to have pain, has not improved over the past couple of years. I believe he would benefit from surgical intervention." Gibson did not provide the surgery.

**Findings of Fact and Conclusions of Law**

Mr. Davidson must prove he is likely to prevail at a final hearing on his requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). He is

seeking medical benefits, temporary disability benefits, a penalty assessment under section 50-6-205(b)(3)(A), and attorney's fees under section 50-6-226(d)(1)(B).

## *Medical Benefits*

An employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A).

Although Gibson accepted Mr. Davidson's claim and gave him a panel of physicians, it did not offer an orthopedic panel "within three (3) business days" under section 50-6-204(a)(3)(A)(ii) after his selected provider referred him to an orthopedist. Instead, it offered the panel almost two years later, only after he filed a petition.

Gibson argued Mr. Davidson cannot prevail because he has not proven medical causation between his work injury and his present condition. But "an employer's assertion that an employee has no medical evidence supporting his or her claim does not, standing alone, excuse it from [its] statutory obligations under section 50-6-204(a)(1)(A) and sounds hollow." *Hawes v. McLane Co., Inc.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 30, at *9-10 (Aug. 25, 2021).

Further, expert medical evidence directly contradicts Gibson's hollow assertion. Dr. Koch, an orthopedist, compared both MRIs and concluded Mr. Davidson suffered a work injury and needs surgery. His opinion is the only expert interpretation of the medical evidence. Moreover, his opinion on medical causation and treatment recommendations is presumed correct. Tenn. Code Ann. §§ 50-6-102(13)(E), 50-6-204(a)(3)(H).

Gibson presented no evidence to refute Dr. Koch's opinion and relied solely on their own interpretation to deny recommended treatment. As the Appeals Board has stated, "parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Given Dr. Koch's opinion, Mr. Davidson is likely to prevail at trial in proving surgery is reasonable and necessary treatment for his work injury. So, Gibson must furnish continuing medical treatment with Dr. Koch including the recommended left-shoulder labral-repair surgery.

## *Temporary Disability Benefits*

Where a treating physician has released an injured worker to return to work with restrictions before maximum recovery and the employer cannot return the employee to work within the restrictions, the injured worker may be eligible for temporary partial

disability. *Heard v. Carrier Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 16, at \*5 (Apr. 20, 2018).

The trial court must consider whether an employee has made a "meaningful return to work" by assessing "the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to return to work." *Hackney v. Integrity Staffing Solutions, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at \*12-13 (July 22, 2016).

Mr. Davidson testified he attempted light-duty work but was sent home. He said Gibson did not offer him light-duty work again, even though he kept human resources apprised of his work restrictions. Further, Gibson's safety manager did not contradict Mr. Davidson's testimony, as he could not recall specific details about the claim.

In fact, the only contradiction to Mr. Davidson's testimony that he sought but was not offered light-duty work is the note from the walk-in clinic stating that Mr. Davidson "chose" not to return to work. However, considering Mr. Davidson's compelling testimony about his desire and efforts to obtain light-duty work, the Court finds this one statement in a medical note does not overcome his sincere testimony.

Given his testimony and the uncompelling defense response, Mr. Davidson is likely to prevail on temporary disability benefits at trial. The parties stipulated to an estimated $19 hourly wage but not an average weekly wage. The Court declines to award temporary disability benefits without proof of his average weekly wage. Also, Mr. Davidson stated he was paid some time after his injury but cannot remember the amount or dates. Without this proof, the Court holds Mr. Davidson did not carry his burden to prove the amount of temporary disability benefits owed. This ruling does not prevent Mr. Davidson from filing more specific information about his earnings at Gibson and requesting payment.

Likewise, the Court cannot assess the requested penalty under section 50-6-205(b)(3)(A), as that penalty requires an award of temporary disability benefits.

*Attorney's Fees*

On the evidence presented, the real mystery is not medical causation— it is how this claim could have drifted so far astray of statutory guardrails, causing extensive and unwarranted delays in medical treatment.

The Court may award "reasonable attorneys' fees and reasonable costs" when the employer "unreasonably fails to timely initiate any of the benefits" to which an employee is entitled, including medical benefits, "if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing[.]" Tenn. Code Ann. § 50-6-226(d)(1)(B).

Attorney's fees and expenses at an interlocutory stage are warranted only in extremely limited circumstances. *Thompson v. Comcast Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *29 (Jan. 30, 2018). The Court finds, as in *Thompson*, that these are unusual circumstances.

Mr. Davidson was owed medical benefits that Gibson failed to provide timely, as it disregarded an orthopedic referral for nearly two years and then dismissed an authorized physician's causation opinion and surgery recommendation – without any countervailing expert medical evidence.

Further, Gibson offered no evidence from an investigation—like independent medical examinations, utilization review, causation questionnaires, or depositions—that might explain or necessitate these significant delays. Neither did Gibson assert an affirmative defense or produce facts to suggest the accident Mr. Davidson described did not occur. Also, despite the communication Mr. Davidson received from the adjuster stating the claim would not continue because his injury was preexisting, no notice of denial was filed.

Because of the unacceptable and unreasonable delay in Mr. Davidson's medical treatment, which was only remedied by his attorney working to secure interlocutory relief, the Court finds it appropriate to award Mr. Davidson attorney's fees and expenses at this interlocutory stage.

*Penalty Referrals*

Additionally, the Court refers Gibson and its insurer to the Compliance Program of the Bureau of Workers' Compensation for appropriate action under section 50-6-118(a)(8) and (9) for its failure to provide a panel of orthopedic physicians timely and for failure to timely provide reasonable, necessary medical treatment recommended by the authorized treating physician.

**IT IS ORDERED**:

1. Gibson shall authorize the left-shoulder labral-repair surgery and pay for continuing medical treatment with Dr. Brian Koch.

2. Mr. Davidson's request for temporary disability benefits is denied at this time for insufficient proof of wages earned.

3. Gibson shall pay Mr. Davidson's attorney's fees for its failure to timely initiate medical benefits under section 50-6-226(d)(1)(B). Mr. Davidson's counsel shall file

his fee request on or before January 31, 2025. Gibson shall file its response, if any, on or before February 7, 2025.

4. The Court refers Gibson and its insurer to the Compliance Program of the Bureau of Workers' Compensation for appropriate action based on its failure to provide medical treatment recommended by an authorized physician and for failure to timely provide a panel of orthopedic physicians as required under section 204(a)(3)(A)(ii).

5. A status hearing is set for **Monday, April 14, 2025, at 11:30 a.m. Central Time.** You must call 615-741-2113 or 855-874-0474 to participate.

6. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED January 28, 2025.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## Appendix

<u>Exhibits</u>:

1). Rule 72 Declaration of Mr. James Davidson
2). Medical Records (TNComp Document ID 124007)

## **CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on January 28, 2025.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Adam Brock-Dagnan, Employee's Attorney | | | X | adambrockdagnan@forthepeople.com |
| Brent Moore, Chris Davis, Employer's Attorney | | | X | bmoore@ortalekelley.com cdavis@ortalekelley.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*